UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT TEXAS

United States Courts
Southern District of Texas
FILED

OCT 1 4 2009

Clerk of Court

ERIC VASQUEZ,
    Petitioner,

vs.                                  Docket No.: 4:06-CR-89-001

UNITED STATES OF AMERICA
    Respondent.
_____/

**PETITIONER'S MOTION FOR NEW TRIAL
PRUSUANT TO FED. R. CRIM. P. RULE 33**

COMES NOW, Petitioner Eric Vasquez pursuant to Rule 33 of the Federal Rules of Criminal Procedure with this his request for a Motion for New Trial and in support provides as follows:

1. On March 21, 2006 a Federal Grand Jury in the United States District Court for the Southern District of Texas, Houston Division returned a two (2) Count Indictment naming Petitioner Vasquez and seven other co-defendants. Count 1 alleged a Conspiracy to Possess with Intent to Distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine alleged to have occurred on or about February 20, 2006, and continuing up to February

21, 2006 in violation of 21 U.S.C. §846; 21 U.S.C. §841(a)(1); and §841(b)(1)(A)(ii). Count 2 alleged aiding and abetting possession with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, alleged to have occurred on or about February 21, 2006 in violation of 21 U.S.C. § 841 (a)(l) & 841 (b)(l)(A)(ii); and 18 U.S.C. § 2. (D.E. 22)

2. On November 15, 2006, Petitioner proceeded to jury trial. (D.E. 175)

3. On November 20, 2006, the jury entered a verdict of guilty on Counts 1 and 2 as to all three Defendants'. (D.E. 184)

4. Petitioner proceeded on appeal to the Fifth Circuit, however, on December 23, 2008 the Court affirmed Petitioner's sentence and conviction. See, *United States v. Vasquez*, 553 F.3d 903 (5th Cir. 2008)

5. Petitioner proceeded to the United States Supreme Court, who on April 27, 2009 denied the request for a Writ of Certiorari. *See, United States v. Vazquez,* No. 08-9466

6. This timely petition for a motion for new trial follows.

# STATEMENT OF THE CASE

## A. Course of Proceedings and Disposition in the Court Below

Petitioner Vasquez was arrested along with several co-defendants' and charged with Conspiracy to Possess with Intent to Distribute Cocaine and Aiding and Abetting with Intent to Distribute a Controlled Substance. Petitioner was merely at the residence during the alleged conspiracy and played no active role in the furtherance of the conspiracy.

The Government in order to prove its case presented the testimony of two cooperating witnesses to be able to explain what occurred inside the residence while they were conducting surveillance outside. There was no surveillance conducted inside the residence. The testimony of the cooperating witnesses which had reached plea agreements with the government in order to secure sentence reductions was the only testimony that linked Petitioner to the charged offense. Even with the testimony of the cooperating witnesses, the evidence only showed, at most, that Petitioner was merely at the scene after being invited to a party later in the evening and not an active participant in the charged conspiracy.

After the trial, Petitioner was able to secure an affidavit from co-defendant Bonifacio Hernandez, establishing that in fact Petitioner Vasquez was not involved in the charged conspiracy. Unlike the Government cooperating witnesses that were securing sentence reductions via cooperation, Mr. Hernandez pled guilty as charged and was willing to testify during the trail in Petitioner's behalf. However, counsel for Mr. Hernandez, did not pursue the matter of the witness' testimony further and Mr. Hernandez' statements were never presented to the jury.

Petitioner presents that the testimony of Mr. Hernandez, had it been presented to the jury, will establish that Petitioner was merely a guest at a residence where a drug transaction was occurring. He was not involved in the charged conspiracy as per the cooperating witness statements.

# I. A NEW TRIAL SHOULD BE GRANTED SINCE THE EVIDENCE OF THIS CASE WHEN VIEWED IN LIGHT OF THE SWORN AFFIDAVIT OF BONIFACIO HERNANDEZ ESTABLISHES THAT PETITIONER WAS NOT INVOLVED IN THE CHARGED OFFENSE

Petitioner presents that a new trial is warranted as per the Federal Rules of Criminal Procedure Rule 33 in light of the new obtained and statements from Bonifacio Hernandez which establishes that Petitioner was not involved in the charged offense. The affidavit of Mr. Bonifacio presents to the Court that unlike the cooperating witnesses that the Government presented, Mr. Bonifacio wanted to testify in Petitioner's defense during the trial to present to the jury that Mr. Vasquez was not involved in the offense. (See Affidavit of Mr. Bonifacio Hernandez – Appendix A)

Mr. Bonifacio explained in his affidavit that he advised his attorney that he wanted to testify in the defense of Petitioner to explain to the jury that Petitioner was innocent and that he had no "relationship to the charges." *Id.* Affidavit at 3. Further explaining that Petitioner was punished for a crime that he did not commit. The jury was required to hear and address the testimony of this witness. Had the testimony

been allowed to be presented to the jury, there is a likelihood that Petitioner would have been acquitted of the charges.

In order to prevail upon a Rule 33 motion, Petitioner must ordinarily show:

(1) that the evidence was newly discovered and was unknown to the defendants at the time of the trial;

(2) that the evidence was material, not merely cumulative or impeaching;

(3) that it would probably produce an acquittal; and

(4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendants.

See, *United States v. Rachal,* 473 F.2d 1338, 1343 (5th Cir.), *cert. denied,* 412 U.S. 927, 93 S.Ct. 2750, 37 L.Ed.2d 154 (1973). Obviously, this affidavit establishes that the Government witnesses presented false testimony during the trial. Although the testimony was known during the trial to as select few, it was not know to Petitioner. An exception exists, however, where it is shown that the Government's case included false testimony and the prosecution knew or should have known of the falsehood. The cases hold that in that event a new trial must be held if there was any reasonable likelihood that the false testimony would have affected the judgment of the jury.

The testimony presented by the Government witness is directly contradicted by the sworn affidavit of Bonifacio. Mr. Bonifacio, was involved in the crime and accepted his involvement. Contrary to the cooperating witness, Defendant Bonifacio has no reason to testify falsely before the Court. There is no cooperation agreement for Mr. Bonifacio and there is no benefit that Mr. Bonifacio can obtain by not testifying truthfully.

Rule 33, F. R. Crim. P. pertinently provides: 'The court may grant a new trial to a defendant if required in the interest of justice. * * * A motion for a new trial based on the ground of newly discovered evidence may be made only before or within three years after jury verdict.

No one can doubt that a confession by another party to the crime for which the Petitioner has been tried and convicted, if discovered after conviction, would be grounds for a new trial. The integrity of the confession is a matter within the province of the trial Court. The facts with respect to the Petitioner's own diligence in uncovering the newly-discovered evidence are materially different. It must be remembered that "a defendant seeking a new trial under any theory must satisfy the district court that the material asserted to be newly discovered is in fact

such and could not with due diligence have been discovered before or, at the latest, at the trial." *United States v. Costello,* 255 F.2d 876, 879 (2d Cir.), *cert, denied,* 359 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958). *Accord, United States v. Marquez,* 490 F.2d 1383 (2nd Cir. 1974), *aff'g on opinion below,* 363 F.Supp. 802, 803 (S.D.N.Y.1973), *cert. denied,* 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974); *United States v. Edwards,* 366 F.2d 853, 874 (2nd Cir. 1966), *cert. denied,* 386 U.S. 919, 87 S.Ct. 882, 17 L.Ed.2d 790 (1967).

It is evident by affidavit presented by Mr. Bonifacio that he wished to present that Petitioner was not involved in the offense. Although Bonifacio had presented the statements pre-trial, had he been allowed to present the issue to the jury, there is a possibility that the jury would not have rendered a verdict of guilt. Newly discovered evidence in the form of a confession by another can be a ground for granting a new trial. *Casias v. United States,* 337 F.2d 354 (10th Cir. 1964)

Petitioner understands that at the threshold it must be recognized that in the interest of according finality to a jury's verdict, a motion for a new trial based upon previously-undiscovered evidence is ordinarily "not favored and should be granted only with great caution." *United*

*States v. Costello,* 255 F.2d 876, 879 (2nd Cir.), *cert, denied,* 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958); *United States v. Sposato,* 446 F.2d 779 (2nd Cir. 1971). However, indeed, the standard of review governing most instances of newly-discovered evidence, first enunciated in *Berry v. Georgia,* 10 Ga. 511, 527 (1851), and steadfastly adhered to for over a century, is that the new evidence will not entitle the defendant to a new trial "*unless it would probably produce a different verdict.*" See United *States v. De Sapio,* 456 F.2d 644, 647 (2nd Cir.), *cert. denied,* 406 U.S. 933, 92 S.Ct. 1776, 32 L.Ed.2d 135 (1972); *United States v. Polisi,* 416 F.2d 573, 577 (2d Cir. 1969); 8A Moore's Federal Procedure s 33.04(1). Neither is there a timing issue presented in the request for the motion for new trial.

It is evident that Mr. Bonifacio advised his counsel on several different occasions that he wished to testify for the defense of Petitioner specifically advising counsel that he wanted to present to the jury that Petitioner was not involved in the offense. If the jury would have heard the testimony, there is a reasonable probability that the jury would have returned a verdict of not guilty. There is no evidence presented during the trial that would have established what occurred inside the

residence during the date of the offense. All that was available was the testimony of the individuals involved in the offense. The testimony of Mr. Bonifacio, a non-cooperating witness who has established the Petitioner's non-involvement in the case, places the case to be reviewed under a different set of circumstances.

## **CONCLUSION**

Wherefore, this Court must agree that the granting of the motion for new trial is appropriate since it is evident as per the attached affidavit that Petitioner was not involved in the charged offense. In the alternate, Petitioner respectfully prays this Honorable Court will hold and evidentiary hearing where the testimony of Mr. Bonifacio can be reviewed before the Court.

Done this 5th, day of September 2009

*ERIC E. VASQUEZ*
Eric Vasquez
Reg. 39435-179
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

# **CERTIFICATE OF SERVICE**

I HERBY DO CERTIFY that a true and correct copy of Motion for New Trial was mailed to: AUSA James Lee Turner, P.O. Box 61129, Houston, TX 77208.

Done this 5th day of September 2009

        I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 5th day of September 2009 I signed and mailed this document via the Federal Bureau of Prisons' Legal Mail System.

        *ERIC E. VASQUEZ*
        Eric Vasquez
        Reg. 39435-179
        FCI Fort Dix
        Federal Correctional Institution
        P.O. Box 2000
        Fort Dix, NJ 08640

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

ERIC VASQUEZ,
    Defendant-Petitioner,

vs.

Docket No.: 4:06-CR-89-001

UNITED STATES OF AMERICA
    Plaintiff-Respondent.
_____/

# SWORN AFFIDAVIT OF BONIFACIO HERNANDEZ IN SUPPORT OF ERIC VASQUEZ MOTION FOR NEW TRIAL

I am Bonifacio Hernandez, and, pursuant to penalty of perjury under Title 28 U.S.C. §1746, state as follows:

1. I am an inmate detained in the federal correction institution in Coleman, Florida.

2. I am making this statement to address the facts concerning my conduct in relation to my co-defendants conduct (Mr. Vasquez) that was charged in my original indictment.

3. Upon my arrest, I advised my attorney, David Adler, that individuals arrested in my case had no relationship to the charges and were no way involved with me in any crime. I also advised my attorney

that those individuals (Mr. Vasquez) had no knowledge of my criminal activities.

4. I specifically advised Mr. Adler, my attorney, that neither co-defendants, Sugentino Percel nor Eric Vasquez, were involved in the crimes in which I was charged, nor did they have any knowledge of any drugs that were in my sole possession.

5. On more than one occasion I made a specific request that my attorney, Mr. Adler, fully inform the prosecutor that I was ready to testify for the defense of both co-defendants. Specifically that I was aware that they had no knowledge nor were they participating in my criminal acts.

6. Although my attorney never presented my information to the prosecutor on behalf of Mr. Percel and Mr. Vasquez, I understood that my attorney, Mr. Adler, did discuss my willingness to testify for the defense of Mr. Percel and Mr. Vasquez in the trial.

7. Once again, I asked my attorney, Mr. Adler, to notify the attorneys for Mr. Percel and Mr. Vasquez that I was available and ready to testify on the behalf of their clients.

8. Although I requested, on numerous occasions, that I be allow to testify for both Mr. Percel and Mr. Vasquez, unfortunately they are being punished and sentenced for crimes that they did not commit. Neither did they have any personal knowledge of the crimes that they were charged with.

9. It is through my sworn affidavit that I present to the Court, that if offered to testify at any hearing or at any subsequent trial, that I will provide direct testimony of my involvement, material to the charged offense, and I will provide exculpatory information relating to both Mr. Percel and Mr. Vasquez as to their non-involvement in the charged offense. Both Mr. Percel and Mr. Vasquez are innocent of the charged crimes.

10. I present the aforementioned statements to the best of my knowledge pursuant to penalty of perjury under Title 28 U.S.C. §1746.

Respectfully submitted,

*Bonifasio Hernandez*
Bonifacio Hernandez

2/20/09

Mr. Eric Vasquez #39435-179
Federal Correctional Institution
Camp/P.O. Box 2000
Fort Dix, New Jersey 08640

7008 3230 0002 7202 7300

United States Courts
Southern District of Texas
FILED
OCT 14 2009
Clerk of Court

UNITED STATES DISTRICT COURT
CLERK OF THE COURT
P.O. BOX 61010
Houston, TEXAS 77208

